PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN J. MONTECALVO, ) | |
| ) | CASE NO. 4:14cv1036 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Resolving ECF No. 16] |

An Administrative Law Judge ("ALJ") denied Plaintiff John J. Montecalvo's claim for supplemental security income ("SSI") benefits after a hearing held on January 28, 2013 in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge George J. Limbert for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a report recommending that the Court deny Plaintiff's motion to remand (ECF No. 16) and affirm the Commissioner's decision that Plaintiff is not disabled. *See* ECF No. 18. Plaintiff filed an Objection to the Report and Recommendation. ECF No. 19. Defendant filed a Response. ECF No. 20. For the reasons that follow, the Court overrules Plaintiff's Objection

(4:14cv1036)

and adopts the magistrate judge's Report and Recommendation.

**I.**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Commr of Soc. Sec.*, 74 F. App'x 515, 522–23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d

2

(4:14cv1036)

1058, 1059 (6th Cir. 1983) (per curiam)).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers can decide either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The court must also consider whether the Commissioner employed the proper legal standards.  *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

  To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy.  42 U.S.C. § 423(d)(2)(A).

  In order for the Commissioner to find that a plaintiff suffers from a disability for which

3

(4:14cv1036)

he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  Under 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to SSI benefits.  20 C.F.R. §§ 416.1100 and 416.1201.

## II.

Plaintiff objects to the magistrate judge's findings relating to his motion to remand.  ECF No. 19 at PageID #: 1162.  Plaintiff believes that three pieces of evidence satisfy the pre-requisites for a sentence six remand.  Specifically, Plaintiff seeks a remand so the Commissioner can consider: (1) a 2015 Baylor University study finding a link between Gulf War Illness and gene markers, (2) research, conducted in 2014 by The Research Advisory Committee on Gulf War Veterans' Illnesses, that describes the symptoms of Gulf War Illness, and (3) Social Security Ruling SSR 14-1p, issued in 2014, on Evaluating Cases Involving the Chronic Fatigue Syndrome, all of which did not exist at the time that the ALJ denied disability benefits.

"It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405." *Oliver v. Secretary of Health & Human Serv.*, 804 F.2d 964, 966 (6th Cir. 1986).  A remand under sentence six requires that Plaintiff show that (1) the evidence is both new and material, and (2) that he had good cause for failing to introduce the evidence to the ALJ.  *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010); 42

4

(4:14cv1036)

U.S.C. § 405(g).  Courts "are not free to dispense with these statutory requirements." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 486 (6th Cir. 2006) (citing *Melkonyan v. Sullivan*, 501 U.S. 89 (1991)).  Evidence is "new" only if it did not exist or was unavailable to Plaintiff at the time of the administrative proceeding.  *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  To demonstrate materiality, Plaintiff must show that "there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence."  *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).  Good cause is satisfied when Plaintiff demonstrates a reasonable justification for failing to present the evidence to the ALJ.  *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 725 (6th Cir. 2012).

  While Plaintiff has shown the newness of this evidence and good cause for not including it in the administrative record, he has not successfully shown how the evidence would affect the ALJ's decision.  As to the Baylor University study, the magistrate judge found that Plaintiff has failed to explain the relevance of the study to his gene markers or conditions.  ECF No. 18 at PageID #: 1153.  Similarly, the magistrate judge found that Plaintiff had not articulated what bearing the research of the Research Advisory Committee on Gulf War Veterans' Illnesses has on the merits of his disability claim or limitations on his ability to work.  *Id.*  As to the new SSR 14-1p, the magistrate judge found that Plaintiff did not demonstrate how Plaintiff's claim would have succeeded under this newer standard.

  The following summarizes Plaintiff's argument in support of remand:

5

(4:14cv1036)

> In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996) the Sixth Circuit held that the Court can remand a case for further administrative proceedings in light of new evidence, *Cline*, 96 F.3d at 148. The new evidence is material if there is a reasonable probability the Commissioner would reach a different conclusion. *Foster v. Halter*, 279 F.3d 348 (6th Cir. 2001). For the purpose of remanding a case under 42 U.S.C.A. §405(g) the evidence is considered new if it did not exist or was available to the Claimant at the time of the administrative proceeding. *Foster v. Halter, supra* at 357. This important evidence linking Gulf War Illness and a soldier's genetic makeup came out just this year, January 20, 2015. And the Research Update and Recommendations to The Gulf War the Research Advisory Committee on Gulf War Veterans' Illnesses of U.S. Department of Veterans Affairs in Washington, D.C., was released a year ago, on September 22, 2014. Both of these were far after the ALJ's consideration of the case. Moreover, new Social Security Ruling 14-1p on evaluating Chronic Fatigue Syndrome (CFS) was issued after the ALJ decision, on April 3, 2014. And SSR 14-1p fundamentally changes the evaluation Chronic Fatigue Syndrome because imbedded in the definition are now policy consideration that take into account the peculiar and unexplained symptoms exhibited in Plaintiff. As such, it is inherently unfair to deny him the benefit of this new standard, as well as the new evidence — and to do so after he honorably served our country to his personal loss and damage.

ECF No. 19 at PageID #: 1167.

Plaintiff does not specifically link his condition to the new evidence.  For example, he does not identify evidence in the administrative record supporting his argument that he is susceptible to Gulf War Illness due to his genetic markers.  Instead, Plaintiff implies that a study concerning Gulf War veterans *could* apply to him generally.  ECF No. 19 at PageID #: 1163 ("As a Gulf War veteran who found himself at the heart of two chemical explosions, Plaintiff certainly falls under the categories of veterans who *could* be affected more directly than others by the deadly chemicals and even worse antidotes administered to soldiers there." (emphasis added)). Plaintiff also fails to connect the research of the Research Advisory Committee on Gulf War

6

(4:14cv1036)

Veterans' Illnesses to his claim for disability.  Rather, he states—without citation to the record—that the record in this case places him squarely within the Research Advisory Committee's findings.  ECF No. 19 at PageID #: 1164.

Plaintiff also inadequately develops his argument as to SSR 14-1p.  He claims that his "symptoms of CFS, including fatigue, pain, anxiety, depression, IBS, PTSD, and GERD, all fit SSR 14-1p."  ECF No. 19 at PageID # 1166.  He does not, however, reference medical records that support his position.  Moreover, Plaintiff does not argue how the new standard would have affected the assessment of the severity of his symptoms, or impose additional limitations on his ability to perform work.  Nor does he show how, if the new standard were applied, limitations would have prevented him from performing the work of a significant number of jobs in the national economy.  Plaintiff's speculation that the outcome at the administrative level might have been different is inadequate to meet his burden of establishing that a remand is warranted. *Oliver*, 804 F.2d at 966; *see also Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009) ("To the extent that Allen argues that remand is appropriate based on the possibility of new and material evidence, this contradicts the clear language of § 405(g) that requires a 'showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'"); *Kepke v. Comm'r of Soc. Sec.*, No. 15-1315, 2016 WL 124140, at *14 (6th Cir. Jan. 12, 2016) ("Kepke's conclusory statement that 'such evidence would have dictated a different conclusion at the hearing level' is not sufficient to show a reasonable probability that the new evidence would have dictated a different outcome if

7

(4:14cv1036)

presented to the ALJ.").

### III.

For the reasons discussed above, Plaintiff's Objection (ECF No. 19) is overruled. The Report and Recommendation is adopted. Plaintiff's motion to remand (ECF No. 16) is denied, and the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

 March 24, 2016  /s/ *Benita Y. Pearson*
Date Benita Y. Pearson
United States District Judge